**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:16CV100-MR-DSC**

| | |
|---|---|
| ANN U. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| v. ) | |
| ) | |
| JUDITH E. JENKINS, et. al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Defendant Judith E. Jenkins' Partial Motion to Dismiss and Partial Motion for Judgment on the Pleadings" (document #15), and the parties' associated briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted, as discussed below.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Taking the facts of the Amended Complaint as true, Plaintiff, a Georgia resident, and Defendant Jenkins, a North Carolina resident, own adjoining property in Highlands, North Carolina. In the Fall of 2014, Jenkins sought Plaintiff's permission to remove some trees on her property (the "Property"). Plaintiff refused. Jenkins proceeded to hire Defendant Four Seasons

1

Landscaping, Inc., who subcontracted with Defendant Lucas Tree Service, to remove at least 118 trees on the Property.

Plaintiff filed this lawsuit on April 14, 2016. In her Amended Complaint, Plaintiff asserts claims against Jenkins and her co-Defendants for trespass, violation of N.C. Gen. Stat. § 1-539.1(a)(unlawful removal of timber), negligence, unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 ("UDTPA claim"), and conspiracy. Plaintiff seeks in excess of $75,000 in damages.

Jenkins subsequently filed a Partial Motion to Dismiss and Partial Motion for Judgment on the Pleadings as to the UDTPA claim which has been fully briefed and is now ripe for review.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

N. C. Gen. Stat. § 75-1.1(a) provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." The issue of what constitutes an unfair or deceptive trade practice is a matter of law. See L.C. Williams Oil Company, Inc. v. Exxon Corp., 625 F.Supp. 477, 482 (M.D.N.C. 1985);

Noble v. Hooters of Greenville, LLC, 199 N.C. App. 163, 167, 681 S.E.2d 448, 452 (2009); Boyd v. Drum, 129 N.C. App. 586, 593, 501 S.E.2d 91, 97 (1998).

"A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers ... [and] is deceptive if it has the capacity or tendency to deceive." Marshall v. Miller, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). Accord Horack v. S. Real Estate Co. of Charlotte, Inc., 150 N.C. App. 305, 310, 563 S.E.2d 47, 51 (2002); Warfield v. Hicks, 91 N.C.App. 1, 8, 370 S.E.2d 689, 693, disc. review denied, 323 N.C. 629, 374 S.E.2d 602 (1988).

To establish a prima facie UDTPA claim, Plaintiff must show: (1) Jenkins committed an unfair or deceptive act or practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to Plaintiff. Pleasant Valley Promenade v. Lechmere, Inc., 120 N.C. App. 650, 664, 464 S.E.2d 47, 58 (1995). The "relevant gauge of an act's unfairness or deception is the effect of the actor's conduct on the marketplace." James R. Carcano v. JBSS, LLC, 200 N.C. App. 162, 172, 684 S.E.2d 41, 50 (2009).

There was no consumer-seller relationship between Plaintiff and Jenkins that would support a UDTPA claim here. Plaintiff was neither a seller nor a consumer in relation to any of the Defendants. The actions that Plaintiff complains of had no impact on the marketplace. See Carcano, supra, 200 N.C. App. at 175, 684 S.E.2d at 52 (affirming dismissal of UDTPA claim where dispute was solely between plaintiffs and defendants in their limited business relationship and had no impact on consumers or marketplace, and holding "not all wrongs in a real estate transaction are summarily 'in or affecting commerce'…."). The fact that Plaintiff and Jenkins are

4

neighbors and this matter involves real property does not bring it within the scope of N.C. Gen. Stat. § 75-1.1.

Accordingly, the undersigned respectfully recommends that Defendant's Motion be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Judith E. Jenkins' Partial Motion to Dismiss and Partial Motion for Judgment on the Pleadings" (document #15) be **GRANTED** and Plaintiff's UDTPA (N.C. Gen. Stat. § 75-1.1(a)) claim be **DISMISSED WITH PREJUDICE**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Martin Reidinger.

**SO RECOMMENDED AND ORDERED.**

Signed: September 29, 2016

David S. Cayer
United States Magistrate Judge