IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:16CV100-MR-DSC

| | |
|---|---|
| ANN U. ABRAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | ) |
| | ) |
| JUDITH E. JENKINS, et. al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendant Judith E. Jenkins' Second Partial Motion to Dismiss" (document #38), and the parties' associated briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Taking the facts of the Amended Complaint as true, Plaintiff, a Georgia resident, and Defendant Jenkins, a North Carolina resident, own adjoining property in Highlands, North Carolina. In the Fall of 2014, Jenkins sought Plaintiff's permission to remove some trees on her property (the "Property"). Plaintiff refused. Jenkins proceeded to hire Defendant Four Seasons Landscaping, Inc., who subcontracted with Defendant Lucas Tree Service, to remove at least

1

118 trees on the Property.

Plaintiff filed this lawsuit on April 14, 2016. In her Amended Complaint, Plaintiff asserted claims against Jenkins and her co-Defendants for trespass, violation of N.C. Gen. Stat. § 1-539.1(a)(unlawful removal of timber), negligence, unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 ("UDTPA claim"), and conspiracy. Plaintiff seeks in excess of $75,000 in damages.

The undersigned has previously recommended that Plaintiff's UDTPA claim be dismissed. See "Memorandum and Recommendation" (document #22).

On November 15, 2016, Jenkins filed a second Partial Motion to Dismiss as to the conspiracy claim which has been fully briefed and is now ripe for review.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

In North Carolina, a "conspiracy" is "generally defined as an agreement between two or more individuals to do an unlawful act or to do a lawful act in an unlawful manner." Burton v. Dixon, 259 N.C. 473, 476, 131 S.E.2d 27, 30 (1963). North Carolina courts have "previously held that a complaint sufficiently stated a claim for civil conspiracy when it alleged (1) a conspiracy, (2) wrongful acts done by certain of the alleged conspirators in furtherance of that conspiracy, and

(3) injury as a result of that conspiracy." State ex rel Cooper v. Ridgeway Brands Mfg., LLC, 362 N.C. 431, 444, 666 S.E.2d 107, 115 (2008). Thus, "[i]f a conspiracy is formed and an overt act, causing damage, is committed by any one or more of the conspirators in furtherance of the conspiracy, all of the conspirators are liable." Burton, 259 N.C. at 476.

In her Amended Complaint, Plaintiff alleges that Defendants conspired to commit trespass upon her property. Specifically, she alleges that "Jenkins, Four Seasons and Lucas conspired against Abrams by agreeing and acting to cut trees and shrubs on the Property without permission from Abrams." Document #11, ¶ 76. (Emphasis added.) Plaintiff also alleges "[i]n performing tree services on the Property, Four Seasons and Lucas were aware that neither had obtained permission for the tree cutting from the owner of the Property." Id at ¶ 62.

Those allegations, taken as true, sufficiently plead that Four Seasons and Lucas knew the tree cutting was unlawful and agreed with Jenkins to perform the unlawful act. See State ex rel Cooper, 362 N.C. at 444 (allegation that "Defendants shared an understanding, either expressed or implied, to enter into an agreement to underprice the cigarettes made by Defendant [Ridgeway] and distributed and sold by [Brands] so that [Ridgeway] would be unable to deposit sufficient escrow to cover sales in violation of N.C. Gen. Stat. § 66-291" sufficient to withstand motion to dismiss); Henry v. Deen, 310 N.C. 75, 87, 310 S.E.2d 326, 334 (1984) (complaint adequately alleged conspiracy when "the original complaint alleged that the defendants Hall and Deen agreed to create and did create false and misleading entries in Henry's medical chart").

Jenkins contends that dismissal is nevertheless proper because "the same alleged acts cannot form both the basis of tort claims as well as the basis of a conspiracy claim to commit those torts." Defendant's "Memorandum in Support …" at 9 (document #39) (citing Jones v. Greensboro, 51 N.C. App. 571, 584, 277 S.E.2d 562, 571 (1981), overruled on other grounds, 334

4

N.C. 345, 435 S.E.2d 530 (1993)). The Court finds that the Amended Complaint contains allegations of a conspiracy above and beyond those supporting Plaintiff's trespass claim. In North Carolina, the elements of a trespass claim are "that plaintiff was in possession of the land at the time of the alleged trespass; that defendant made an unauthorized, and therefore unlawful, entry on the land; and that plaintiff was damaged by the alleged invasion of his rights of possession." Jordan v. Foust Oil Co., 116 N.C. App. 155, 167 (1994). A trespass claim does not require intent. See Doughtery v. Stepp, 18 N.C. 371, 372 (1835) (noting that a trespass claim exists even if the trespasser mistakenly believed the subject property to be his own).

The Amended Complaint contains allegations of overt acts by the Defendants that go beyond the elements of a trespass claim. Plaintiff alleges that "[i]n directing Lucas to cut trees and shrubbery on the Property, Jenkins knew she was acting without the permission of Abrams[.]" Document #11, ¶ 52. Plaintiff also alleges that "[n]either Four Seasons nor Lucas initiated or had any communications with Abrams before or during the tree cutting on her Property." Id at ¶ 61. Lastly, Plaintiff alleges that "[i]n performing tree services on the Property, Four Seasons and Lucas were aware that neither had obtained permission for the tree cutting from the owner of the Property." Id at ¶ 62. These allegations of intentional acts in furtherance of the conspiracy go beyond the elements of a trespass claim.

Accordingly, for all of those reasons as well as the other reasons stated in Plaintiff's "Memorandum … in Opposition …" (document #43), the undersigned respectfully recommends that Defendant's Motion be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Judith E. Jenkins' Second Partial Motion to Dismiss" (document #38) be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Martin Reidinger.

**SO RECOMMENDED AND ORDERED.**

Signed: January 17, 2017

David S. Cayer
United States Magistrate Judge